UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HUDA AHMAD a/k/a HUDA BOWMAN,                    Case No. 1:23-cv-04269

                              Plaintiff,    **FIRST AMENDED COMPLAINT**

                -against-                       **DEMAND FOR JURY TRIAL**

THE NEW YORK CITY POLICE DEPARTMENT
A/K/A CITY OF NEW YORK POLICE
DEPARTMENT, THE CITY OF NEW YORK, and
ANTONIO PAGAN,

                              Defendants.
------------------------------------------------------------------------X

**COUNSELORS:**

Plaintiff, **HUDA AHMAD a/k/a HUDA BOWMAN**, by and through her attorneys, **HAMRA LAW GROUP, P.C.**, complaining of Defendants, **THE NEW YORK CITY POLICE DEPARTMENT A/K/A CITY OF NEW YORK POLICE DEPARTMENT** (hereinafter "NYPD"), **THE CITY OF NEW YORK** (hereinafter "NYC"), and **ANTONIO PAGAN** (collectively, the "Defendants"), alleges with personal knowledge, unless where upon information and belief is stated, the following:

## NATURE OF THE COMPLAINT

1. The instant action is brought to remedy the Defendants' continuing acts of intentional, unlawful discrimination against Ms. Bowman because of her sex and religion, creating and allowing a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. (hereinafter, "Title VII"), the Executive Law of the State of New York, New York State Human Rights Law (hereinafter, the "Executive Law") § 296, et seq., and the Administrative Code of the City of New York, New York City Human Rights Law (hereinafter, the "Administrative Code"), § 8-101, *et. seq.*.

## THE PARTIES

2. Plaintiff resides in the County of the Bronx, City of New York, State of New York.

3. Plaintiff is a woman who was raised in and practices Islam her whole life.

4. Defendant the New York City Police Department A/K/A City of New York Police Department ("NYPD") is a municipal entity of the State of New York.

5. Defendant NYPD is a municipal law enforcement agency with its headquarters at One Police Plaza, Manhattan, New York, 10038.

6. Defendant the City of New York ("NYC") is a metropolitan area located in the State of New York.

7. Defendant NYC is a municipal entity located in the State of New York.

8. Upon information and belief, Defendant ANTONIO PAGAN is a resident of the County of the Bronx, City and State of New York.

9. At all relevant times, Defendant PAGAN was a Captain at the NYPD, where he worked in the Communications Section.

10. At all relevant times, Plaintiff BOWMAN and Defendant PAGAN worked in the Communications Section at the same time.

## PROCEDURAL BACKGROUND

11. On or about May 20, 2022, Plaintiff timely filed a charge of discrimination against Defendant PAGAN with the Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment, sex discrimination, and discrimination based on her religion.

   a. Upon request from Plaintiff, the EEOC terminated its investigation, and on February 23, 2023, issued Plaintiff a Notice of Right to Sue (hereinafter "NRTS"). A copy of the NRTS is annexed hereto as **Exhibit "A."**

2

b.  The instant action is timely because it was initiated within ninety (90) days of Plaintiff's receipt of the aforementioned Notice of Right to Sue; and

c.  Plaintiff has exhausted her federal administrative remedies as concern the allegations of this Complaint.

## JURISDICTION

12. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States.

13. This Court has supplemental (pendent) jurisdiction over Plaintiff's New York State and New York City claims pursuant to 28 U.S.C. § 1367(a). The New York State and New York City discrimination claims are inexorably related to, arise out of the same operative facts and circumstances as, and are a necessary, integral part of the federal law claims, such that the federal claims and New York State and New York City law claims form part of the same case or controversy.

## VENUE

14. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2), as events complained of occurred in the Bronx, City and State of New York, as well as New York City, State of New York, which are located within the Southern District of New York.

15. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII.

## FACTS

16. Plaintiff commenced employment with the NYPD on or about January 7, 2011.

17. From January 2011 up through and to the present day, Plaintiff was employed as a Police Communications Technician (hereinafter "PCT") at the Communications Section of the

NYPD.

18. In or about December of 2020, while working at the NYPD, Plaintiff's had a salary of approximately $46,011.00 per year. As of December 2021, her yearly salary was $47,621.00. In December 2022, her annual salary was $53,222.00.

19. Plaintiff always performed her job at or above expectations.

20. Beginning in February of 2020 and continuing through the present, Plaintiff was the victim of persistent derogatory and discriminatory treatment by and through Captain Antonio Pagan, one of the named Defendants in this action, due to Plaintiff's sex (female) and faith (Islam), and his complaints regarding this discriminatory treatment.

21. Despite Plaintiff's complaints regarding his discriminatory treatment, upper management of the NYPD consistently ignored Plaintiff's concerns or took improper steps to remedy the discriminatory, abusive treatment to which Plaintiff was being subjected.

### INSTANCES OF HARASSMENT EXPERIENCED BY PLAINTIFF FROM DEFENDANT ANTONIO PAGAN

22. From February 2020 to December 2020, Plaintiff experienced oral verbal harassment as well as communications from Defendant PAGAN concerning her appearance, demeanor, and faith.

23. Throughout the entirety of 2021, Plaintiff received further communications from Defendant PAGAN in the form of phone calls and text messages which commented on her appearance, faith, and unnecessarily and controllingly advising her who to speak with and where to be stationed, despite Defendant PAGAN having no control over the same.

24. On or about March 8, 2021, Defendant PAGAN told Plaintiff he wished Plaintiff to be Defendant's "Arab girlfriend."

4

25. On May 27, 2021, Plaintiff was scolded by Defendant PAGAN via text message for not checking in with him, despite her job responsibilities not including such a task.

26. In May 2021, while the parties were at work, Defendant PAGAN explicitly asked Plaintiff to removed the "panties" (specifically using the word "panties") she was currently wearing, and give them to him so he could keep them in his possession.

27. On or about May 2021, Defendant PAGAN informed Plaintiff that in exchange for her sitting in his lap, he would downgrade any discipline charges on Plaintiff's employment record.

28. During the Summer of 2021, Plaintiff was contacted via text by Defendant PAGAN. He told Plaintiff that she had "phat sexy thighs."

29. On July 20, 2021, Plaintiff received a text message from Defendant Pagan which requested, in sum, to see pictures of the Plaintiff in "Muslim" dress.

30. Also on July 20, 2021, Defendant PAGAN sent a series of text messages to Plaintiff concerning a news story of a runaway animal on Long Island, with Defendant PAGAN expressing the belief the animal was to be sacrificed for the holiday of Eid Al-Adha, and concurrently expressing concern that Plaintiff was eating enough.

31. On July 28, 2021, Defendant PAGAN sent a text message to Plaintiff, informing her of his awareness in the office because her hair "color stands out like a neon sign", despite Plaintiff having the same hairstyle since January 2021.

32. In the month of July 2021, Plaintiff was confronted by Defendant PAGAN who told her she was not permitted be in the presence of Lieutenant Roman if he, Captain Pagan, is not present.

33. Also in July 2021, while both parties were off duty, Defendant PAGAN followed Plaintiff in her vehicle – while Plaintiff was with her young child and niece – and stopped Plaintiff's vehicle to speak with Plaintiff. Defendant PAGAN was aware of both children's

5

presence

34. On August 3, 2021, Defendant PAGAN sent a text message to Plaintiff, indicating his displeasure with her because she smiled at a coworker of theirs, Lieutenant Waldo Roman.

35. On August 4, 2021, Lieutenant Roman was informed by Plaintiff of Defendant PAGAN's behaviors, up through and including the text message sent by Defendant PAGAN to Plaintiff on August 3, 2021. The Lieutenant reported these behaviors to the NYPD's Equal Employment Opportunity Division ("EEOD") that same day.

36. The NYPD made one (1) attempt to contact Plaintiff to interview her for its administrative procedures to review Captain Pagan's behavior.

37. On or about August 6, 2021, Captain Pagan was transferred out of the Communications Division of the NYPD. Plaintiff was made aware of the transfer on the date the transfer was made.

38. In the month of August 2021, Plaintiff spoke of this behavior, inclusive of the text messages, to Lieutenant Roman.

39. At 11:01pm on March 20, 2022, Defendant PAGAN sent to Plaintiff a since-deleted (by Defendant PAGAN) encrypted message. Captain Pagan had advised by NYPD not to contact Plaintiff in any way prior to this date. Plaintiff was unable to substantiate the nature of the message before it was deleted.

40. As recently as December 2022, Plaintiff continues to receive threatening communications from Defendant NYPD as the result of Defendant NYPD receiving information from an outside third-party.

41. Upon information and belief, these actions were taken against Plaintiff due to her sex (female) and faith (Islam).

42. Upon information and belief, employees who were similarly situated were not

subjected to this type of treatment.

43.     As a result of the continued discriminatory treatment and, Plaintiff had to take heightened precautions where she travelled with her young child at all times of the day.

44.     Moreover, she currently attends therapy to work through the trauma of the emotional scarring caused by Defendant PAGAN.

45.     On February 8, 2023, Plaintiff and her counsel met with two Agency Attorneys working in the NYPD's Department Advocate's Office to discuss the acts of discrimination taken against her by Defendant PAGAN. Included in the meeting were discussions to remove him from the NYPD based on his behavior toward the Plaintiff, which had not ceased even with removing him from Plaintiff's department. To date, no such action has been taken.

46.     On April 3, 2023, the Plaintiff and her counsel attended a meeting with a detective of the NYPD who works for their Equal Employment Opportunity Division's Office of the Deputy Commissioner Equity and Inclusion. The purpose of the meeting was to address why, with no advanced notice, a childcare scheduling accommodation was removed from Plaintiff's schedule in March 2023 which made it impossible for Plaintiff to satisfactorily perform her job duties. Though the accommodation was returned sometime after the April 2023 meeting, no explanation was given for the sudden, unexplained change.

47.     Upon information and belief, the NYPD and its Agency and Department mentioned herein insufficiently responded to Plaintiff's unlawful, harrowing experiences of sex-based and religion-based harassment.

**FIRST CAUSE OF ACTION**
Discrimination Based Upon Sex in Violation of Title VII, 42 U.S.C. § 2000e, et. seq.
(*As Against Defendants New York City Police Department A/K/A City of New York Police Department and the City of New York*)

48.     Plaintiff hereby repeats, realleges, and incorporates each and every allegation

7

contained in Paragraphs 1 through 47 of this Complaint as though fully set forth in this Paragraph ofthe Complaint.

49.     At all relevant times, the NYPD and NYC were individually and collectively an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), because such entity had more than fifteen employees.

50.     At all relevant times, Plaintiff was a "person" within the meaning of Title VII, 42 U.S.C. § 2000e.

51.     The discriminatory actions of the Defendants were invidious and repugnant.

52.     Defendants NYPD and NYC discriminated against Plaintiff on the basis of her sex (female) in violation of Title VII by treating her differently from and less favorably than similarly situated employees, subjecting her to disparate, unsafe working conditions, as well as causing fear and anxiety for herself and her child outside of work hours.

53.     As a direct and proximate result of Defendants NYPD and NYC unlawful discriminatory conduct inviolation of Title VII, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including, but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages and other relief including, but not limited to, attorneys' fees and expenses.

54.     As a direct and proximate result of Defendants NYPD and NYC unlawful discriminatory conduct inviolation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression and humiliation, embarrassment, anddegradation in front of the NYPD Communications Section personnel.

55.     Defendants NYPD and NYC behavior caused and continues to cause Plaintiff a tremendous amount of unnecessary stress, anxiety, loss of self-esteem and self-confidence, emotional pain and suffering.

56. Defendants NYPD and NYC discriminatory actions in violation of Title VII were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive or exemplary damages.

57. Furthermore, by reason of the continuous nature of Defendants' NYPD and NYC discriminatory anddisparate treatment of Plaintiff, which persisted throughout the relevant periods mentioned hereinabove, Plaintiff is entitled to the application of the continuing violations doctrine to all violations alleged herein as the actions of Defendants continue to have an adverse and prejudicialimpact on Plaintiff.

58. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of one million dollars ($1,000,000.00), as well as punitive damages, costs, and attorney's fees, and any other relief this Court may find just and proper.

**SECOND CAUSE OF ACTION**
<u>Discrimination Based Upon Sex in Violation of the New York State Human Rights Law</u>
(*As Against Defendants New York City Police Department A/K/A City of New York Police Department and the City of New York*)

59. Plaintiff hereby repeats, realleges, and incorporates each and every allegation contained in Paragraphs 1 through 58 of this Complaint as though fully set forth in this Paragraph ofthe Complaint.

60. At all relevant times, the NYPD and NYC were individually and collectively each an "employer" within the meaning of Executive Law § 292(5), and within the meaning of the Administrative Code § 8-102(5) because at all relevant times, each had more than four persons in its employ.

61. Plaintiff is an "employee" within the meaning of Executive Law § 292(6).

62. Defendants NYPD and NYC discriminated against Plaintiff on the basis of her sex (female) in violation of the New York State Human Rights Law by treating her differently from and less favorably than similarly situated employees who were male, by subjecting her to disparate working conditions, stalking, and unwanted communications after work hours.

63. As a direct and proximate result of Defendants NYPD and NYC unlawful, discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff suffered and continues to suffer monetary and/or economic harm, including, but not limited to, loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief, including, but not limited to, attorneys' fees and expenses.

64. As a direct and proximate result of Defendants NYPD and NYC unlawful discriminatory conduct, in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress.

65. Furthermore, by reason of the continuous nature of Defendants NYPD and NYC discriminatory and disparate treatment of Plaintiff, which persisted throughout the relevant periods mentioned hereinabove, Plaintiff is entitled to the application of the continuing violations doctrine to all violations alleged herein as the actions of Defendants continue to have an adverse and prejudicial impact on Plaintiff.

66. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of one million dollars ($1,000,000.00), as well as punitive damages, costs, and attorney's fees, and any other relief this Court may find just and proper.

**THIRD CAUSE OF ACTION**

Discrimination Based Upon Religion in Violation of New York City Human Rights Law
*(As Against Defendants New York City Police Department A/K/A City of New York Police Department and the City of New York)*
(*Pendent Jurisdiction*)

67. Plaintiff hereby repeats, realleges, and incorporates each and every allegation contained in Paragraphs 1 through 66 of this Complaint as though fully set forth in this paragraph of the Complaint.

68. Plaintiff is a "person" within the Administrative Code § 8-102(1) *et. seq.*.

69. Defendants NYPD and NYC discriminated against Plaintiff on the basis of her religion (Islam) in violation of the New York City Human Rights Law (pursuant to Sec. 8-101, et seq. of the Administrative Code) by treating her differently from and less favorably than similarly situated employees who were not Muslim, subjecting him to disparate working conditions, NYPD and NYC's employee making unsolicited comments about Plaintiff's faith and practicing thereof, and other disparate terms and conditions.

70. As a direct and proximate result of Defendants' unlawful discriminatory conduct, in violation of the New York City Human Rights Law, Plaintiff has suffered and continues suffer monetary and/or economic harm, including, but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief, including, but not limited to, attorneys' fees and expenses.

71. As a direct and proximate result of Defendants NYPD and NYC unlawful discriminatory conduct, in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including, but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages and other relief, including, but not limited to, attorneys' fees and expenses.

72. As a direct and proximate result of Defendants NYPD and NYC unlawful discriminatory conduct, in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress.

73. Furthermore, by reason of the continuous nature of Defendants NYPD and NYC discriminatory anddisparate treatment of Plaintiff, which persisted throughout the relevant periods mentioned hereinabove, Plaintiff is entitled to the application of the continuing violations doctrine to all violations alleged herein as the actions of Defendants NYPD and NYC continue to have an adverse and prejudicialimpact on Plaintiff.

74. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of one million dollars ($1,000,000.00), as well as punitive damages, costs, and attorney's fees, and any other relief this Court may find just and proper.

**FOURTH CAUSE OF ACTION**
Discrimination Based Upon Religion
*Violation of Title VII, 42 U.S.C. 2000(e) et. seq.*
(*As Against Defendants New York City Police Department A/K/A City of New York Police Department and the City of New York*)

75. Plaintiff hereby repeats, realleges, and incorporates each and every allegation contained in Paragraphs 1 through 74 of this Complaint as though fully set forth in this paragraph ofthe Complaint.

76. At all relevant times, the NYPD and NYC were each, individually and collectively, an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), because such entity had more than fifteen employees.

77. At all relevant times, Plaintiff was a "person" within the meaning of Title VII, 42 U.S.C. § 2000e.

78. The discriminatory actions of Defendants NYPD and NYC were invidious and

repugnant.

79. Defendant discriminated against Plaintiff on the basis of her religion (Islam) in violation of Title VII by treating her differently from and less favorably than those employees of different faiths and belief systems, subjecting her to disparate working conditions, failing to promote Plaintiff, and otherdisparate terms and conditions.

80. As a direct and proximate result of Defendants NYPD and NYC unlawful discriminatory conduct inviolation of Title VII, Plaintiff suffered and continues to suffer monetary and/or economic harm, including, but not limited to, loss of past and future income, compensation, and benefits, forwhich he is entitled to an award of monetary damages and other relief, including, but not limited to, attorneys' fees and expenses.

81. As a direct and proximate result of Defendants NYPD and NYC unlawful discriminatory conduct inviolation of Title VII, Plaintiff suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression and humiliation, embarrassment, anddegradation in front of NYPD's Communications Section personnel.

82. Defendants NYPD and NYC caused Plaintiff a tremendous amount of unnecessary stress, anxiety, loss of self-esteem and self-confidence, emotional pain and suffering.

83. Defendants NYPD and NYC discriminatory actions, in violation of Title VII, were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive or exemplary damages.

84. Furthermore, by reason of the continuous nature of Defendants NYPD and NYC discriminatory and disparate treatment of Plaintiff, which persisted throughout the relevant periods mentioned hereinabove, Plaintiff is entitled to the application of the continuing violations doctrine to all violations alleged herein as the actions of Defendants NYPD and NYC continue to have an

adverse, prejudicial impact on the Plaintiff.

85. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of one million dollars ($1,000,000.00), as well as punitive damages, costs, and attorney's fees, and any other relief this Court may find just and proper.

### FIFTH CAUSE OF ACTION
### Discrimination Based Upon Sex in Violation of New York State Human Rights Law
(*As Against Defendant Antonio Pagan*)

86. Plaintiff hereby repeats, realleges, and incorporates each and every allegation contained in Paragraphs 1 through 85 of this Complaint as though fully set forth in this paragraph of the Complaint.

87. Plaintiff has been subjected to Defendant PAGAN's disparate treatment on the basis of her sex in violation of the Executive Law § 296, et. seq., including, but not limited to, Defendant PAGAN repeatedly harassing, making unwanted sexual advances, lewd verbal remarks – oral and written, lewd gestures, and stalking Plaintiff both during and after work, as well as attempting to control Plaintiff's interactions with her coworkers.

88. As a direct and proximate result of Defendant PAGAN's unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including, but not limited to, loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief, including, but not limited to, attorneys' fees and expenses.

89. As a direct and proximate result of Defendant PAGAN's unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues

to suffersevere mental anguish and emotional distress.

90. Furthermore, by reason of the continuous nature of Defendant PAGAN's discriminatory anddisparate treatment of Plaintiff, which persisted throughout the relevant periods mentioned hereinabove, Plaintiff is entitled to the application of the continuing violations doctrine to all violations alleged herein as the actions of Defendants continue to have an adverse, prejudicial impact on Plaintiff.

91. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of one million dollars ($1,000,000.00) , as well as punitive damages, costs, and attorney's fees, and any other relief this Court may find just and proper.

### SIXTH CAUSE OF ACTION
### Discrimination Based Upon Religion in Violation of New York City Human Rights Law
(*As Against Defendant Antonio Pagan*)

92. Plaintiff hereby repeats, realleges, and incorporates each and every allegation contained Paragraphs 1 through 91 of this Complaint as though fully set forth in this paragraph of the Complaint.

93. Plaintiff has been subjected to Defendant PAGAN's disparate treatment on the basis of her religious faith (Islam) in violation of the Executive Law § 296, et seq., including, but not limited to, Defendant PAGAN repeatedly harassing Plaintiff after work hours with insensitive queries about the practices of her faith.

94. As a direct and proximate result of Defendant PAGAN's unlawful discriminatory conduct inviolation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffermonetary and/or economic harm, including, but not limited to, loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief, including, but not limited to, attorneys' fees and expenses.

95. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress.

96. Furthermore, by reason of the continuous nature of Defendant PAGAN's discriminatory and disparate treatment of Plaintiff, which persisted throughout the relevant periods mentioned hereinabove, Plaintiff is entitled to the application of the continuing violations doctrine to all violations alleged herein as the actions of Defendant PAGAN continue to have an adverse and prejudicial impact on Plaintiff.

97. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of one million dollars ($1,000,000.00), as well as punitive damages, costs, and attorney's fees, and any other relief this Court may find just and proper.

**SEVENTH CAUSE OF ACTION**
Hostile Work Environment
(*As Against All Defendants*)

98. Plaintiff hereby repeats, realleges, and incorporates each and every allegation contained in Paragraphs 1 through 97 of this Complaint as though fully set forth in this paragraph of the Complaint.

99. Defendants discriminated against Plaintiff on the basis of her sex (female) and religion (Islam), failed to precisely respond to both formal and informal complaints of discrimination, and treated her differently from and less favorably than similarly situated employees who were not female and Muslim, subjecting him to disparate working conditions, and other disparate terms and conditions.

100. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of federal, New York State, and New York City laws, Plaintiff suffered and continues to

suffer monetary and/or economic harm, including, but not limited to, loss of past and future income, compensationand benefits, for which she is entitled to an award of monetary damages and other relief, including, but not limited to, attorneys' fees and expenses.

101. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of federal, New York State, and New York City laws, Plaintiff suffered and continues to suffer severe mental anguish and emotional distress.

102. Furthermore, by reason of the continuous nature of Defendants' discriminatory and disparate treatment of Plaintiff, which persisted throughout the relevant periods mentioned hereinabove, Plaintiff is entitled to the application of the continuing violations doctrine to all violations alleged herein as the actions of Defendants continue to have an adverse and prejudicial impact on Plaintiff.

103. All Defendants are liable to Plaintiff for creating this hostile work environment.

104. By reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of one million dollars ($1,000,000.00), as well as punitive damages, costs, attorney's fees, and any other relief this Court may find just and proper.

## DEMAND FOR A JURY TRIAL

105. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court grant judgment to Plaintiff, awarding Plaintiff:

A. Monetary Damages as Against the Defendants, Inclusive of But Not Limited to

Compensatory Fees, Back Pay, Punitive Damages, and Other Monetary Damages;

B. Costs;

C. Disbursements;

D. Expenses;

E. Attorney's Fees;

F. Interest on Any Judgment;

G. Any other relief this Court deems just and proper.

Dated: Great Neck, New York
      May 23, 2023

Yours etc.,

**HAMRA LAW GROUP, P.C.**

*Deborah R. Kick*
**DEBORAH R. KICK, ESQ.**
*Attorneys for Plaintiff*
1 Linden Plaza, Suite 207
Great Neck, New York 11201
(646) 590 – 0571
dkick@hamralawgroup.com