UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
HUDA BOWMAN,                                                  :
                                                              :     **TURN-OVER ORDER OF CASE-**
                                        Plaintiff,            :     **FILE**
                                                              :
          -against-                                           :     23 Civ. 4269(AKH)
                                                              :
CITY OF NEW YORK, et. al.,                                    :
                                                              :
                                        Defendants.           :
                                                              :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

          Plaintiff Huda Bowman moves to compel her former attorney, Kevin Johnson of

the Hamra Law Group PC, to produce his case-file to her present attorney, John Scola. The

motion was not opposed, and is granted, with one exception: Kevin Johnson may retain

memoranda and drafts he may have written, that is, his work product.

          Huda Bowman retained the Hamra Law Group on August 10, 2021 to file her

"1983" case, complaining of sexual harassment by her commanding officer. The firm was paid a

retainer of $6,000, and a refresher of $1,200, and agreed to a 1/3 contingency against a recovery.

The complaint was filed May 23, 2023. When the attorney working on the case left the firm,

Bowman discharged Johnson and his firm, and retained Scola to represent her. However, despite

persistent demand, Johnson refused to enter a stipulation of discharge and substitution or turn

over his case-files. Johnson has not asserted a lien. He simply has ignored every request made

to him.

          A lawyer must turn over the case-file he has gathered and return any unearned

fees when his services are terminated. *Sage Realty Corp. v. Proskauer Rose Goetz &*

*Mendelsohn L.L.P.*, 689 N.E.2d 879, 883 (N.Y. 1997); N.Y. Rules of Prof. Conduct § 1.16(e).

1

Since Johnson and his law firm has been paid, he has no lien.  Although a lawyer whom a client

has discharged may assert a charging lien against a potential recovery, see *Itar-Tass Russian*

*News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 449 (2d Cir. 1998); N.Y. Judiciary Law §

475, Johnson's non-action waived the lien, see *Kaplan v. Reuss*, 497 N.E.2d 671, 672 (N.Y.

1986).

Plaintiff is entitled to the case-file immediately.  Should Johnson fail to turn over

the file, the court will consider an appropriate sanction.  Counsel will attend (virtually) a status

conference to be held April 12, 2024 at 10:00 am.


SO ORDERED.

Dated:      March 26, 2024
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2